O. E. Stephens v. Commissioner.
Stephens v. Commissioner
Docket No. 48914.
United States Tax Court
T.C. Memo 1956-284; 1956 Tax Ct. Memo LEXIS 3; 15 T.C.M. (CCH) 1471; T.C.M. (RIA) 56284; December 31, 1956
*3 Petitioner received cash and negotiable checks on December 31, 1946, which he deposited in his checking account on the next business day thereafter, January 2, 1947. The amount of such cash and checks was in excess of the amount of income determined by the respondent for the year 1947 on the increase in net worth plus nondeductible expenditures method. The respondent did not include any amount on account of such cash and checks in the petitioner's net worth at January 1, 1947. Held, that such cash and checks should have been included in opening net worth by the respondent. The inclusion thereof eliminates the determined increased in net worth and the deficiency based thereon. Marion Hirschburg, Esq., 300 1/2 Main Street, Ames, Ia., Rex B. Gilchrist, Esq., and Don Bowman, Esq., for the petitioner. Marvin E. Hagen, Esq., and Frank C. Conley, Esq., for the respondent. ATKINS
Memorandum Findings of Fact and Opinion ATKINS, Judge: The respondent determined a deficiency in income tax for the calendar year 1947 in the amount of $4,853.80 and a 50 per cent addition thereto for fraud in the amount of $2,426.90. The additional income upon which the deficiency is *4 based was determined by the respondent on an increase in the petitioner's net worth plus personal and nondeductible expenditures. The respondent alleges in his answer to the petition that the petitioner's books and records were so inadequate that correct net income could not be determined therefrom. The petitioner alleges error in the respondent's determination of an understatement of income, raises an issue of the statute of limitations and challenges the respondent's determination of fraud. The petitioner also claims that he has overpaid his tax for the year involved. This case was heard separately from that of O. E. Stephens and Grace Stephens, Docket No. 48915, but the parties agreed that the evidence adduced in either case may be used in the other. Findings of Fact The petitioner, O. E. Stephens, also known as Ova Elijah Stephens and Charles Belmont Stephens, is an individual with residence at Littleton, Colorado. For the calendar year 1947 the petitioner and his wife, Nell Stephens, filed a joint income tax return on March 15, 1948, with the collector of internal revenue at Denver, Colorado. The notice of deficiency for the year 1947 was mailed to the petitioner on April 17, 1953. *5 In 1943 the petitioner and his wife, as joint tenants, purchased a property known as Wild Acre Ranch in Arapahoe County, Colorado. The petitioner thereafter occupied Wild Acre Ranch as his home and conducted ranch operations there. By warranty deed dated February 1, 1946, Nell Stephens conveyed to the petitioner an undivided one-half interest in Wild Acre Ranch. The recited consideration therefor was $1 and love and affection and the conveyance to the true owner. On September 20, 1946, the petitioner contracted to sell Wild Acre Ranch to J. M. Ferguson for the sum of $75,000 of which $10,000 was paid on that date. On the same date the petitioner contracted to sell to Ferguson for $25,000 the furniture and furnishings in the ranch house and in the garage apartment on the ranch. The contract price for the furniture and furnishings was to be paid at the time of closing the sale of the ranch. On the same date the petitioner contracted to sell to Ferguson designated cattle then on the ranch at the price of $250 per head. Ferguson paid $1,000 on the contract price of the cattle on the date of the contract and agreed to pay the balance at the time of the closing of the sale of the ranch. *6 The total contract price of the properties above-mentioned was $115,250. The contracts were settled on December 31, 1946. On that date the petitioner and his wife deeded the Wild Acre Ranch to Ferguson and his wife who gave back a note in the amount of $80,000 secured by a deed of trust on the property. The balance of the purchase price of all the properties then owing by Ferguson, after credit for previous payments, abstract fees, tax stamps and similar items, was $22,919.64. In payment of that amount Ferguson gave to the petitioner two checks, one in the amount of $22,000 signed by Mrs. Ferguson and the other in the amount of $919.64 signed by Ferguson. Both checks were dated December 31, 1946, and were drawn to the order of the petitioner. At the time of the settlement the petitioner also sold to Ferguson several additional pieces of furniture for the price of $2,000 which sum Ferguson paid to the petitioner at that time in cash. On January 2, 1947, the petitioner deposited the sum of $24,919.64 with the United States National Bank at Denver, Colorado, for credit to his checking account and the sum so deposited was so credited. The sum of $24,919.64 so deposited and credited *7 represented the two checks that had been received by the petitioner on December 31, 1946, from the Fergusons and the cash received by the petitioner from the Fergusons as above-described. In the joint income tax return for the year 1947 the petitioner and his wife reported $3,312.69 as gross income from farming operations, including $999 as winnings on horse races. They reported farm expenses in the aggregate amount of $18,175.49 and a resultant loss of $14,862.80 on farm operations. They reported income from wages and dividends in the aggregate amount of $3,026.34, which amount deducted from the claimed loss on farming operations left a net loss for the year in the amount of $11,836.46. The respondent determined the amounts of the petitioner's assets and liabilities at the beginning and the end of 1947 and the decrease in the petitioner's net worth for 1947 as follows: Assets
Jan. 1,
Dec. 31,
1947
1947
Cash on hand
Bank Balances
$ 5,381.14
$ 4,790.22
Mortgages Receivable
130,000.00
115,000.00
Personal Effects
1,800.00
1,800.00
Automobiles
2,200.00
2,200.00
Race Horses
4,500.00
4,718.75
Farm Machinery
500.00
2,550.00
Farm and Stockade
13,000.00
22,134.50
Total Assets
$157,381.14
$153,193.47
Liabilities
Reserve for Deprecia-
tion
$ 1,173.33
$ 1,673.40
Notes Payable
20,000.00
Total Liabilities
$ 1,173.33
$ 21,673.40
Net Worth
$156,207.81
$131,520.07
Decrease in Net Worth
$24,687.74
*8 The respondent computed net income as shown by the following computation: Nondeductible Expenditures
Personal and Living Expenses
$12,507.96
Cash Settlement to Nell Stephens
15,000.00
Payment to Sheriff
5,000.00
Missing Checks
8,986.71
Total
$41,494.67
Less Decrease in Net Worth
24,687.74
Increase in Net Worth
$16,806.93
Less Standard Deduction
500.00
Correct Net Income
$16,306.93
The petitioner had on hand at January 1, 1947, the amount of $24,919.64 in cash and negotiable checks which amount was not included in the petitioner's assets in the net worth calculation upon which the respondent based his determination of the deficiency. Opinion The respondent has determined a deficiency in income tax for the year 1947 based on an increase in the petitioner's net worth for that year in an amount determined by the respondent to be $16,806.93. That amount less the standard deduction of $500 has been determined by the respondent to represent net income for the year. In the respondent's computation of net worth he has used as assets the items and amounts that we have set forth above in the Findings of Fact. The petitioner attacks the computation *9 of net worth on several grounds, one of which is that the respondent failed to include as cash on hand at the beginning of 1947 the amount of $24,919.64. The petitioner has established by oral testimony and documentary evidence that on December 31, 1946, he received the sum of $22,919.64 represented by checks drawn by Mr. and Mrs. Ferguson to his order and also received from Mr. Ferguson the sum of $2,000 in cash. Those amounts were paid to and received by the petitioner on December 31, 1946, in connection with his sale of Wild Acre Ranch, furniture and furnishings, and cattle. We take judicial notice of the fact that January 1, 1947, was a legal holiday. The petitioner could not have deposited the checks and cash in the bank on that day. Nevertheless, for tax purposes the check is considered as a cash receipt on that date. See . He did deposit both checks and the cash on the first succeeding day, namely, January 2, 1947. This is established by the petitioner's bank statements which he introduced in evidence and which are not questioned by the respondent. The evidence concerning the sum of $24,919.64 is clearly convincing that the *10 petitioner had that sum on hand on January 1, 1947. That amount should have been included in his assets at the beginning of the year. The necessity of a correct opening net worth as an element in the use of the net worth method of determining income is firmly established by decided cases. ; ; [181] (C.A. 5), affirming a decision of this Court [. The addition of the amount of $24,919.64 to the petitioner's assets at the beginning of 1947 will serve to more than offset the amount that the respondent has determined to be the petitioner's net income for the year 1947. The respondent does not suggest that any other of the items upon which he based his determination should be adjusted so as to increase the amount of net income over and above the amount that he has determined. Under the respondent's determination of the increase in the petitioner's net worth as necessarily corrected by our finding of the amount of cash and checks on hand at the beginning of the year, the petitioner *11 had no unreported income for the year 1947. Under our holding there is no deficiency and consequently no need for considering any questions concerning fraud or the statute of limitations. At the hearing the parties stipulated that in the event we hold for the petitioner in this proceeding, the petitioner is entitled to a refund for the year 1947. Decision will be entered under Rule 50.